## Laban Hayward, Administrator, Appellant, v. S. S. Sencenbaugh, Appellee.

### Gen. No. 5367.

1. CORPORATIONS—*what not defense to action charging stock liability.* The fact that the debt against the corporation has been reduced to judgment against it does not preclude the enforcement of individual stockholders' liability.

2. STATUTE OF LIMITATIONS—*when no defense to action to enforce stock liability imposed by laws of another state.* Held, that the plea in this case which relied upon the Statute of Limitations, was not a defense to the action brought.

Assumpsit. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded with directions. Opinion filed October 18, 1910.

**Statement by the Court.** This is an action in assumpsit brought by Laban Hayward, as administrator of the estate of William B. Russell, against S. S. Sencenbaugh. It was before this court at a former term and the opinion then filed appears in 141 Ill. App. 395. The case was originally tried upon a declaration consisting of one count. The cause of action sued for in the declaration, when this case was before us at the former hearing, was a liability, under the Kansas statutes, of the defendant Sencenbaugh, as the holder of fifty shares of the capital stock of the Aurora Mining Company, a Kansas corporation, of the par value of

one hundred dollars each, to a creditor of the corporation holding bonds of the corporation after it had become insolvent. The original record is not before us—it having been transferred to the Supreme Court (Hayward v. Sencenbaugh, 235 Ill. 580), but the abstract and the opinion show that the declaration averred that the defendant had not paid anything on his stock and the suit was brought to recover the amount of the stock subscription, the averment being "that he had not paid therefor the par value of said shares of stock and he has paid no money whatever upon his original subscription as such stockholder and that the full amount of the par value of said stock is now due and owing." The general issue and four special pleas concerning which questions are raised were filed, the substance of which is stated in the opinion. Two of the pleas set up that the bonds had been merged in a judgment before this suit was begun and certain decisions of the Kansas court of last resort. The replication simply traversed the pleas. The trial court on the hearing found for the plaintiff notwithstanding the pleas were proved by the evidence; hence this court reversed the judgment and remanded the cause.

The record in the present appeal does not show any leave to amend the original count of the declaration, yet that count as it appears in this record and abstract avers: "The said defendant was a stockholder in said Aurora Mining Company and was the owner of fifty shares of the capital stock thereof, of the par value of one hundred dollars each; that he has paid therefor the sum of five thousand dollars being the par value of the said shares, but has paid nothing in addition thereto on account thereof." It also avers a statute of Kansas that dues from a corporation shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder and that, where certain corporations created under said statute are dissolved leaving debts

unpaid, suit may be brought by creditors against any person, a stockholder at the time of such dissolution, to enforce such individual liability; that the Aurora Mining Company on September 27, 1907, made its six certain bonds in the sum of $500 each, to the said William B. Russell, payable at Galena, Kansas, on September 27, 1899, with interest, etc., and that on July 1, 1892, the said Aurora Mining Company suspended business and became insolvent and without assets and unable to pay said indebtedness. By means whereof the defendant became liable to pay the plaintiff the sum of $5,000 being the additional amount equal to the stock owned by him, etc.

The additional count filed March 7, 1910, by leave of court is identical with the first count in the present record with the additional averments, (1) that the charter of the Aurora Mining Company provides among other things that the places where its business is to be transacted are at Galena, Kansas, and Aurora, Illinois, and that it was doing business in the state of Illinois on September 27, 1897; (2) that on April 17, 1906, in the Circuit Court of DeKalb county, Illinois, in a proceeding by the plaintiff against the Aurora Mining Company for the recovery of the principal and interest due on said bonds a judgment was rendered in favor of plaintiff against the Aurora Mining Company for $8,364 and costs; (3) that said mining company has "remained insolvent, and without assets and has not paid and is unable to pay said indebtedness or judgment or any part thereof."

The record also shows that defendant, by leave of court, before the granting of leave to file the additional count, amended the fifth plea by adding thereto a provision of the Kansas statute "that when a right of action is barred by the provisions of any statute it shall be unavailing either as a cause of action or ground of defense." The plaintiff by leave of court withdrew his replication to the special pleas. On motion of the defendant it was ordered that the pleas

also stand as pleas to the additional count. The plaintiff then filed a general demurrer to the 4th, 5th, 6th and 7th pleas to the original and additional counts of the declaration, which was overruled, and the plaintiff abiding by his demurrer, judgment was rendered in favor of the defendant that plaintiff take nothing by his suit, etc. The plaintiff appeals to this court.

JOHN M. RAYMOND and JOHN K. NEWHALL, for appellant.

S. N. HOOVER and JOHN A. RUSSELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The statements and arguments filed in this court on behalf of appellant (page five of his statement) and appellee (page three of his statement) both allege that the original and additional counts of the declaration aver that Sencenbaugh was a stockholder in the Aurora Mining Company, holding fifty shares of the capital stock of the par value of $100 and that he had paid no money whatever and the full amount of the par value of said stock is now due and owing from the defendant. The two counts in the record and abstract both aver that he has paid $5,000 but has paid nothing in addition thereto. The record on the former appeal contained the averment that Sencenbaugh had not paid anything but the record now before us avers that he has paid his subscription in full, and only declares for the additional liability under the Kansas statute. The misapprehension of counsel for both parties is very surprising.

When the case was in this court before, we reversed the judgment because the averments of the special pleas were simply traversed, and the pleas were proved by the evidence. Now the declaration contains a count averring that the charter of the corporation authorizes it to do business at Galena, Kansas, and at Aurora,

Illinois; that said "Aurora Mining Company, on September 27, 1897, and from thence hitherto, was doing business in the state of Illinois, at, to-wit, Aurora, Illinois;" that the corporation issued $3,000 of bonds to plaintiff September 27, 1897, due September 27, 1899, upon which a judgment was rendered against the corporation in favor of plaintiff in the Circuit Court of DeKalb county, Illinois, in April, 1906; that the corporation became insolvent and without assets July 1, 1902, and from thence hitherto has remained insolvent and without assets and has not paid said indebtedness or judgment or any part thereof; that the corporation suspended business July 1, 1902, and from thence hitherto has not done any business whatever, an averment inconsistent with the previous averment that it was doing business at Aurora on September 27, 1897, and from thence hitherto, and concerning which no question is presented.

The replication to the pleas being withdrawn and a demurrer to them filed the question now raised is, do the pleas or any of them present a defense to the original and additional counts as they appear in this record.

The fourth and seventh pleas aver that the bonds described in the original count were merged in a judgment before the beginning of this suit. The pleas assume that this is a suit simply upon the bonds. The bonds were only evidence of the liability of the corporation and the fact that the corporation had issued the bonds was only one of the links by which a liability of a stockholder is proven. The bonds had been merged in a judgment before this suit was begun, but the original declaration did not go far enough and aver the continuing liability of the corporation by averring the judgment and that it was unpaid. The demurrer was properly overruled to these pleas as pleas to the first count but the pleas do not answer the additional count and the demurrer should therefore have been sustained to them as to the additional count.

The fifth plea sets up the general statute of five years limitation of Kansas within which an action upon an agreement, contract or promise in writing must be brought, and the statute of Illinois that when a cause of action arises in a state out of this state, and by the laws thereof an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state, and avers that the cause of action did not accrue within five years before the beginning of this suit. The suit is to recover the additional liability of defendant as a stockholder in the Kansas corporation under the laws of Kansas. If the Kansas statute controls, yet the liability does not attach according to the averments of the declaration until the corporation has been dissolved. The dissolution relied upon is that which arises by operation of law under the statute of Kansas by the corporation ceasing to do business for one year. The averment of the declaration is that the corporation ceased to do business July 1, 1902, and therefore became dissolved as to the stockholders' double liability July 1, 1903, and this suit was begun April 24, 1906; therefore the fifth plea does not state a defense to either the original or amended count and the demurrer to the fifth plea should have been sustained.

The sixth plea sets up the general statute of three years limitation of Kansas within which an action upon a contract not in writing and an action upon a liability created by statute other than a forfeiture or penalty must be brought, and the statute of Illinois, that is set out in the fifth plea, and then avers that the cause of action in plaintiff's declaration mentioned is a liability, on account of defendant's subscription to the capital stock of the corporation, created by the statute of Kansas other than a forfeiture or penalty and that the supposed cause of action in the declaration mentioned, did not accrue within three years before the commencement of this suit. The declaration avers that William B. Russell at the time of his death April 1,

1901, and for ten years prior thereto was a resident of Kane county, Illinois, and had not been during any portion of said time in the state of Kansas or owned any property therein. Appellee in his argument (page 33) states "at the time of the maturity of these bonds the Aurora Mining Company and its officers and stockholders were residents at that time and ever since of Kane county, Illinois, the same county in which during the same time the plaintiff and plaintiff's intestate resided," thereby stating that the allegation of the declaration is true. The right to bring the suit against the stockholders accrued July 1, 1903. The suit was begun April 24, 1906, within three years from the time cause of action accrued. The plea therefore, if the Kansas statute pleaded is applicable, does not set forth a defense, without regard to the fact that neither the plaintiff nor the defendant was within the state of Kansas at the time nor since the cause of action accrued. The demurrer should have been sustained to the sixth plea. The judgment is reversed and the cause remanded with instruction to overrule the demurrer to the fourth and seventh pleas as to the first count, and to sustain it as to these pleas as to the additional count and to sustain it to the fifth and sixth pleas to both counts.

*Reversed and remanded with directions.*